[Civ. No. 32451. First Dist., Div. Four. Sept. 5, 1973.]

INSURANCE COMPANY OF NORTH AMERICA,
Plaintiff, Cross-defendant and Appellant, v.
UNITED STATES FIRE INSURANCE COMPANY,
Defendant, Cross-complainant and Respondent;
DEL MONTE PROPERTIES COMPANY, INC., et al.,
Cross-defendants and Respondents.

## COUNSEL

Popelka, Allard, Humphreys, Williams & Stenberg, Popelka, Allard, Williams, McCowan, Cabrinha & Jones and Dean E. Stenberg for Plaintiff, Cross-defendant and Appellant and for Cross-defendants and Respondents.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant, Cross-complainant and Respondent.

## OPINION

**MOOR, J.**[*]—On September 12, 1969, appellant Insurance Company of North America filed a complaint for declaratory relief against respondent United States Fire Insurance Company, to determine the rights and duties of the two insurers towards various defendants in a personal injury action (S. F. Civil No. 579750) which had been concluded by judgment. Appellant contended that it was not responsible for payment of any of the judgment, attorneys' fees, court costs or expenses involved in the personal injury action on the basis that the insurance coverage provided by respondent was primary. On January 15, 1970, respondent filed an answer and cross-complaint seeking contribution, pursuant to Code of Civil Procedure sections 875 and 876, of payments it had made in excess of what it claimed to be its pro rata one-third share of liability in the personal injury action. The cause came on regularly for trial to the court on August 5, 1970, wherein the parties submitted an agreed statement of facts and argued the legal issues. On June 14, 1971, the trial court filed its memorandum of decision in favor of respondent on both the complaint and the cross-complaint. On February 24, 1972, pursuant to findings of fact and conclusions of law, the trial court filed its judgment.

The following facts were agreed upon by the parties:

On January 21, 1967, one Lana Jean Turner, a minor, was riding on a motorized cable car owned by Cable Car Advertisers, Inc. (hereafter "Cable Car"), and operated by its employee, one Abraham Ettin. The cable car was being operated on property owned by Del Monte Properties Company, Inc. (hereafter "Del Monte"), in connection with a golf tournament sponsored by the Crosby Tournament Committee (hereafter "Crosby"), which had made arrangements with Cable Car for said operation of the cable

---

[*]Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

car. The operation of the cable car was conducted with the knowledge, consent and permission of Cable Car, Del Monte and Crosby. The route over which the cable car was being operated had been selected by Del Monte and was under the control of Del Monte and Crosby. During the course of its operation by Ettin, the cable car struck a tree on the Del Monte property, as a result of which Turner fell and was injured.

Turner sued, among others, Cable Car, Ettin, Del Monte and Crosby, charging them with acting jointly and in concert and with negligence in the manner in which they owned, operated and controlled the cable car, and in the manner in which they maintained and controlled the roadway. On May 1, 1969, the jury returned its verdict in favor of Turner and against defendants Cable Car, Ettin, Del Monte and Crosby, in the amount of $500,000. The jury answered special interrogatories finding both Del Monte and Crosby liable (1) as principals for the negligence of their agents Cable Car and Ettin, and (2) because of independent negligence.

Subsequent to the entry of judgment, appellant and respondent each paid $253,804.33, which was 50 percent of the judgment plus costs and interest thereon.[1] The payments were made pursuant to an agreement that such payments were without prejudice to whatever rights either insurance company might have to seek reimbursement from the other.

According to the agreed facts and to the findings of fact, Ettin was an employee of Cable Car and was operating the cable car. Crosby had made arrangements with Cable Car for the cable car to be operated in connection with a golf tournament Crosby was sponsoring on property owned by Del Monte. The cable car was being operated with the knowledge, consent and permission of Cable Car, Del Monte and Crosby. The jury in the original action found Del Monte and Crosby liable as principals of Cable Car and Ettin.

Respondent's policy furnishes coverage to the named insured, Cable Car, for damages arising out of the ownership, maintenance or use of any automobile. The named insured includes any person using an owned automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. Cable Car and Ettin were covered by respondent's policy since Cable Car was the named insured and Ettin was its employee. With respect to Del Monte and Crosby, they may be con-

---

[1]Appellant also paid $7,176.64 for reasonable attorneys' fees and court costs for the defense of the personal injury action.

sidered covered under the extended definition of "named insured." Alternatively, respondent's policy was one issued to an owner, and the provisions required by Insurance Code section 11580.1 must be contained within it. Del Monte and Crosby are others "legally responsible for the use of" the motor vehicle and had the permission of Cable Car. (Ins. Code, § 11580.1, subd. (d).) Thus respondent's policy is required to cover Del Monte and Crosby for liability arising out of the ownership, maintenance or use of the cable car. (Ins. Code, § 11580.1.)

Respondent then seems to be liable for the full amount of the judgment. However, the jury found Del Monte and Crosby to have been independently negligent, irrespective of the manner in which the cable car was operated.

The jury in the underlying action answered special interrogatories finding that Del Monte and Crosby were liable not only as principals for the negligence of their agents Cable Car and Ettin, but also because of independent negligence. The only independent negligence with which Del Monte and Crosby had been charged in the complaint was for the manner in which they maintained and controlled the roadway over which the cable car was operated. Thus it may be considered that the independent negligence found by the jury was for the maintenance and contol of the roadway. The trial court adopted this same reasoning, and then made its conclusions of law.[2]

The trial court's reasoning was correct. Interpretation of the liability insurance policies' contracts is a matter of law for this court. (*Argonaut*

---

[2]Following are the conclusions of law:

"II. Insurance Company of North America insured both Del Monte and Crosby not only for automobile liability but also for comprehensive general liability covering all their other operations, including the negligent maintenance of the property in the subject accident.

"III. U.S. Fire Insurance Company insured the motorized cable car involved in the accident of January 21, 1967; but U. S. Fire Insurance Company did not insure the negligent maintenance of the property by either Del Monte Properties Company, Inc., or Bing Crosby Tournament Committee. U. S. Fire Insurance Company is not responsible for the liability imposed upon Del Monte Properties Company, Inc., by virtue of its negligent maintenance of the property, including the roadway, which was a proximate cause of the accident of January 21, 1967. U. S. Fire Insurance Company is likewise not responsible for the liability imposed upon Bing Crosby Tournament Committee for its negligent maintenance of the property, including the roadway, which was a proximate cause of the accident of January 21, 1967. Insurance Company of North America did insure and agree to indemnify both Del Monte Properties Company, Inc., and Bing Crosby Tournament Committee for their negligent maintenance of the property, including the roadway, which the jury found to be proximate causes of the accident of January 21, 1967."

*Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 496, 502 [99 Cal.Rptr. 617, 492 P.2d 673].) A reading of the policies reveals that appellant insured Del Monte for damages because of bodily injury arising out of "A. the ownership, maintenance or use of any automobile; B. all other operations of the Insured." Appellant also insured Crosby generally for damages due to bodily injury. Both of these policies thus include coverage for negligent maintenance and control of the roadway. No coverage for such negligence by Del Monte or Crosby is provided by respondent's policy.

Code of Civil Procedure section 875 provides: "(a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided. (b) Such right of contribution shall be administered in accordance with the principles of equity. (c) Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof. It shall be limited to the excess so paid over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment. (d) There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person. (e) A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution. (f) This title shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them. (g) This title shall not impair the right of a plaintiff to satisfy a judgment in full as against any tortfeasor judgment debtor." Code of Civil Procedure section 876 provides: "(a) The pro rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment equally among all of them. (b) Where one or more persons are held liable solely for the tort of one of them or of another, as in the case of the liability of a master for the tort of his servant, they shall contribute a single pro rata share, as to which there may be indemnity between them."

The major goals of this legislation are equitable sharing of costs among the parties at fault and encouragement of settlements. (*River Garden Farms, Inc.* v. *Superior Court* (1972) 26 Cal.App.3d 986, 993 [103 Cal.Rptr. 498].) It has been applied to a situation similar to the present case in *Truck Insurance Exchange* v. *American Surety Co. of N. Y.* (9th Cir. 1964) 338 F.2d 811, 812-813. In that case, Truck Insurance

Exchange contended that Code of Civil Procedure apportionment should not apply in an action between insurance companies to secure proration of their liability; that the apportionment in such cases should be on the basis of the respective policy limits (*id.* at p. 813). The court rejected that argument, holding that the joint tortfeasor legislation did apply (*id.* at pp. 813-814).

Appellant in the present case attempts to distinguish the decision above as follows: "The distinction between the *Truck Insurance Exchange* case and the case before this court is that appellant's responsibility in the *Truck Insurance Exchange* case was due solely to the fact that appellant [the insured] was a user of a vehicle and was limited to loss arising out of that use. [¶] In the case before this court appellant's responsibility is not confined to any independent negligence, but includes that responsibility in addition to the responsibility of respondeat superior which makes it legally responsible for the use of the vehicle."

This contention is difficult to understand since in the *Truck Insurance Exchange* case both insurance companies were appellants, and neither of their insureds had been a "user" of the vehicle. What appellant in the present case seems to be contending is that *Truck Insurance Exchange* represents a situation in which the insured in the position of Del Monte and Crosby was *only* independently negligent. There contribution under the Code of Civil Procedure is appropriate. In contrast, in the present case, appellant's insureds (Del Monte and Crosby) were negligent both independently and under a *respondeat superior* doctrine, the latter of which was covered by respondent's policy.

Code of Civil Procedure section 876, subdivision (b), provides that where one or more persons are held liable solely for the tort of one of them or of another, as in the case of the liability of a master for the tort of his servant, they shall contribute a single pro rata share. Thus all of the liability of Del Monte and Crosby which arises on a *respondeat superior* basis is covered by one share (which share also contains the liability of the driver, Ettin, and his employer, Cable Car). Independent negligence of Del Monte is covered by another share; independent negligence of Crosby is covered by another share. Thus there are three shares. The share involving Ettin's driving is covered by the owner's policy and must be borne by respondent, U. S. Fire Insurance Company. It is one-third. Each of the other two shares arose out of negligence in the maintenance

and control of the roadway and must be covered by appellant's (Insurance Company of North America) respective policies with Del Monte and Crosby.

Judgment affirmed.[3]

Devine, P. J., and Bray, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 31, 1973.

---

[3]The trial court made the following conclusion of law: "Under Code of Civil Procedure §§ 875 and 876, the money judgment rendered in *Turner* v. *Cable Car, et al.,* should be apportioned three ways, namely: 1. Ettin and Cable Car—one-third; 2. Del Monte—one-third; 3. Crosby—one-third."

This is slightly incorrect since the apportionment, as discussed *supra,* should be: 1. Ettin, Cable Car, Del Monte and Crosby for negligence arising out of the use of the cable car—one-third; 2. Del Monte independent negligence—one-third; 3. Crosby independent negligence—one-third.

However, both the trial court's conclusion and the above conclusion result in the same judgment—the first third to be paid by respondent and the other two-thirds to be paid by appellant.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.